# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| **IMAD ELKALIBE,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )  **Civil Action No. 10-2186 (ESH)** |
| | ) |
| **IBIZA NIGHTCLUB DC, LLC,** *et al.*, | ) |
| | ) |
| **Defendant.** | ) |

_____ )

## <u>MEMORANDUM OPINION</u>

Plaintiffs Imad Elkalibe, Saad Elorch, Garth Robinson, Ever Romero, Sezer Solak,

Yannick Tshiteya, and Yassin Yahyaoui have sued Superclub Ibiza, LLC[1] ("Ibiza"), unnamed

District of Columbia police officers, and the District of Columbia (the "District") under various

theories relating to their alleged false imprisonment on the night of December 12, 2009.

Plaintiffs filed a complaint in D.C. Superior Court on November 10, 2010 (Dkt. No. 8.),

alleging violations of state and federal law. Plaintiffs alleged false imprisonment in violation of

42 U.S.C. § 1983 (Count VI) by all defendants, and use of excessive force in violation of 42

U.S.C. § 1983 by Ibiza and the unnamed police officers (Count VII). The District filed a notice

of removal on December 20, 2010, under 28 U.S.C. § 1441(b), on the grounds of federal

question jurisdiction, 28 U.S.C. § 1331. (Dkt. No. 1.) Ibiza and the District have now moved to

dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. Nos. 10 & 12.) The District moves to dismiss

all claims against it, and Ibiza moves to dismiss the claim for negligent supervision under state

---

[1] Ibiza has noted in its pleadings that plaintiffs have improperly named it as "Ibiza Nightclub DC, LLC" in their complaint and other filings. (Mem. of Grounds & A. in Supp. of Def.'s Mot. to Dismiss ["Ibiza's Mot."] at 1.)

law (Count IV),[2] as well as Counts VI and VII, for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court will grant Ibiza's and the District's motions as to Counts VI and VII and remand the case to the Superior Court of the District of Columbia.

## STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" such that a court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555, it "should assume [the] veracity" of "well-pleaded factual allegations" and "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## ANALYSIS

### I. SECTION 1983 CLAIMS

#### A. Count VI –The District of Columbia

The District argues that plaintiffs' claim under section 1983 should be dismissed because they have failed to identify any custom, policy, or practice that was the moving force behind the alleged Fourth Amendment violation. (D.C.'s Mot. at 9.) Plaintiffs respond that they have alleged that a false arrest has occurred, but "concede" that their pleading is "inartful as far as the policy and custom at issue and the extent to which that policy and custom allow both on and off-duty police officers to act in concert with private security to execute arrests." (Pl.'s Opp'n to

---

[2] Because the Court finds that it lacks subject matter jurisdiction over the state law claims, it will limit its discussion to the claims arising under § 1983.

D.C.'s Mot. at 8.)  Plaintiffs have therefore conceded that they failed to allege an essential element of a constitutional violation by the District.  Plaintiffs also do not allege that the District knowingly ignored an ongoing practice or was deliberately indifferent.  Plaintiffs have therefore failed to state the elements of a section 1983 claim against the District of Columbia.

In their opposition, plaintiffs ask the Court for leave to amend their complaint to address its admitted "deficiencies."  *Id.*  Plaintiffs may amend their pleading "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Any request to amend a complaint "can only be made as part of a Rule 15(a) motion."  *De May v. Moore & Bruce, LLP*, 584 F. Supp. 2d 170, 186 (D.D.C. 2008); *Juergens v. Urban Title Servs., Inc.*, 246 F.R.D. 4, 13 (D.D.C. 2007) ("the Court is not required to afford a party an opportunity to amend a complaint that is insufficient on its face in the absence of a motion to amend").  Plaintiffs have failed to file any such motion.  The Court will therefore dismiss Count VI against the District for failure to state a claim upon which relief can be granted.

### B.    Counts VI & VII – Ibiza

Ibiza moves to dismiss plaintiffs' section 1983 claims against it.  It argues that Count VI should be dismissed because plaintiffs have merely repeated their allegations of false imprisonment and arrest and have therefore failed to allege a constitutional violation.  (Ibiza's Mot. at 7-8.)  Plaintiffs concede to the dismissal of both counts.  [Dkt. No. 16.]  The court will therefore dismiss Counts VI and VII against Ibiza.

## II.    PLAINTIFF'S REMAINING CLAIMS

The Court has dismissed plaintiffs' section 1983 claims against Ibiza and the District of Columbia, and no other federal law claims against any named and served defendant remain.[3]

---

[3] The only remaining federal claims in the case relate to the unnamed John Doe defendants, who have not been served, have not been identified, and who neither requested nor consented to removal.  The Court notes that remand

Therefore, the Court will dismiss the case and remand it to D.C. Superior Court, where plaintiffs initially filed the case.

## CONCLUSION

For the foregoing reasons, the Court will grant Ibiza's motion to dismiss [Dkt. No. 10] as to Counts VI and VII and the District's motion to dismiss [Dkt. No. 12] as to Count VI. The Court will remand the case to the Superior Court of the District of Columbia. A separate Order consistent with this Memorandum Opinion is also being issued this date.


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE: April 13, 2011

---

will not prejudice these defendants' right to remove if and when service is accomplished. *See Princeton Running Co., Inc. v. Williams*, No. 05-cv-1461, 2006 WL 2557832, at *2-*3 (D.D.C. Sept. 5, 2006) (adopting rule that "later-served defendants, however, have 30 days from their service date to join in an otherwise valid removal petition").